ENRICH v. FORTEZA.

APPEAL from the District Court of San Juan, Section 2.

No. 789.—Decided May 31, 1912.

CONTRARY EVIDENCE—FINDINGS OF TRIAL COURT—PASSION, PREJUDICE, OR PARTIALITY.—In case of contradictory evidence, as in the case at bar, the weight placed thereon by the trial court will not be disturbed on appeal unless it is shown that said court was influenced by passion, prejudice, or partiality, or that said court greatly abused its discretion, none of which have been alleged or proven in this case.

APPEAL—GROUNDS OF JUDGMENT.—One of the errors alleged by the appellant consists in a statement made by the lower court in the grounds for the judgment. It was held that the appeal lies against the judgment and not against the grounds therefor, but in spite of this fact we have examined the grounds for the judgment appealed from and find no basis for the error alleged.

The facts are stated in the opinion.

*Messrs. López Landrón* and *Rincón* for appellant.

*Mr. Cayetano Coll y Cuchí* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The controversy between the parties to this suit is based on a general and specific denial made by the defendant of all the allegations of the complaint, wherein $5,000 damages are claimed, of which sum between $1,200 and $1,500 was taken by the defendant from the plaintiff, the balance being for damages and hardships suffered through the lack of said sum, which represented all his property.

The trial having been held the District Court of San Juan, Section 1, on October 3, 1911, rendered judgment dismissing the complaint with costs against the plaintiff, and from this judgment the present appeal was taken. This judgment shows that the trial court did not consider that the allegations of the complaint had been proven, as may be seen from the following paragraph of the opinion upon which the judgment is based:

"No satisfactory evidence has been introduced in support of the facts alleged as a foundation of this action, and this is especially true of the most important fact, namely, that the plaintiff possessed and kept in a trunk, as stated in the complaint, the aforesaid sum."

In his brief the appellant assigns 17 errors in support of his request for the reversal of the judgment appealed from, but of these errors those numbered from 2 to 12, inclusive, are intended to show that the court erred in weighing the evidence.

We have repeatedly held that the judge who sits at the trial is in a better position to appreciate the truthfulness of

the witnesses and to pass upon the conflict raised by contradictory evidence, and for this reason we will not interfere with the estimate of the evidence made by the court unless it be alleged and shown that he acted under the influence of passion, prejudice, or partiality, or abused his discretion, which in this case has not been alleged; nor is such a thing to be adduced from the whole of the evidence contained in the statement of facts, so much so that we would have reached the same conclusion as did the court below had we been called upon to decide the conflict of evidence, in spite of the fact that we were not present when the witnesses testified.

The errors assigned under numbers 13 to 17, inclusive, are based upon the assumption that the allegations of the complaint have been proven, and, as this is not so, there can be no such errors.

And as to the first assignment of error, based upon a statement made by the court below in the reasons given for the judgment, although appeals are allowed from the judgment and not from its reasonings, we desire to state that we are at a loss to understand how the court below could have violated sections 1068, 1069 and 1055 of the Civil Code because of the fact that it had declared in its opinion that several actions were exercised in this complaint when it is true, after all, that two actions are prosecuted, to wit, one for the return of the money said to have been abstracted and another for the recovery of damages caused by that act.

For these reasons the appeal should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.